UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No.**
-----------------------------------------------------------------------x
Caterine Munoz,

                     Plaintiff,


           -against-

M.G. Credit, Inc


                   Defendant.
-----------------------------------------------------------------------x


## <u>COMPLAINT</u>

Plaintiff Caterine Munoz ("Plaintiff"), by and through her attorneys, Michael Jay

Ringelheim for RC Law Group, as and for her Complaint against Defendant M.G. Credit, Inc.

("Defendant"), respectfully sets forth, complains, and alleges, upon information and belief, the

following:


## <u>JURISDICTION AND VENUE</u>

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15

   U.S.C. § 1692 *et seq*. and 28 U.S.C. § 2201. The Court also has pendant jurisdiction over

   the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1692 *et seq*., commonly known as the Fair Debt Collections Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act, section 559.55, Florida Statues, et. Seq ("FCCPA").

## PARTIES

4. Plaintiff is a resident of the State of Florida, County of Broward, residing at 3326 NE 16th Place, Fort Lauderdale, FL 33305.

5. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and Fla. Stat section 559.55, with an address at 5115 San Juan Ave, Jacksonville, Florida, 32210.

6. Defendant was acting as a debt collector with respect to the collection of the Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

8. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from Plaintiff ("Alleged Debt").

9. The Alleged Debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat section 559.55(6).

10. The reporting of a consumer debt to a credit reporting agency is a "communication" as the term is defined in 15 U.S.C. § 1692a(2), and is collection activity covered by the FDCPA.

11. On or around April 13, 2015, Defendant sent Plaintiff a collection letter that included payment directions to the website www.mgcredit.com.

12. Upon reaching the website there was a $5.00 charge for paying with credit card.

13. Plaintiff did not agree to such a collection charge and the $ 5.00 collection fee far exceeds any reasonable costs of collection for this account.

14. The addition of this collection fee by Defendant, which was not authorized by the agreement creating the debt or permitted by law, was an attempt to collect an amount not owed by Plaintiff.

15. Furthermore when a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice which must include the following information:

> (1) the amount of the debt;

> (2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

16. The FDCPA further provides that if the consumer notifies the debt collector in writing within the thirty day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection . . . until the debt collector obtains verification of the debt . . . and a copy of such verification is mailed to the consumer by the debt collector. 15 U.S.C. § 1692g(b).

17. On or around April 13, 2015 the Defendant sent an initial contact notice to Plaintiff.

18. Before the validation period expired on April 24, 2015 a collector for the Defendant called the Plaintiff and was extremely rude and harassing in attempt to coerce payment from her.

19. Furthermore the Plaintiff requested information regarding the debt which the collector failed to provide for her.

20. The debt was never validated yet collection efforts have continued.

21. These call from Defendant to Plaintiff was a collection communications in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(8), 1692e(10), 1692f, and 1692f(1).

### *Respondeat Superior Liability*

22. The acts and omissions of the debt collectors employed as agents by Defendants who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

23. The acts and omissions by the other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendants in collecting consumer debts.

24. By committing these acts and omissions against Plaintiff, the debt collectors were motivated to benefit their principal, Defendant.

25. Defendant is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by these individual Defendant and its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff.

### *Summary*

26. The above-detailed conduct by Defendants of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above-mentioned provisions of the FDCPA.

27. Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

28. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

29. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

30. Defendant's addition of this collection fee by, which was not authorized by the agreement creating the debt or permitted by law, was an attempt to collect an amount not owed by Plaintiff and a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), 1692f, and 1692f(1).

31. The harassing phone call from the Defendant to Plaintiff was a collection communications in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(8), 1692e(10), 1692f, and 1692g.

32. As a result of the Defendant's violations of the FDCPA, Plaintiffs have been damaged and is entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION

### (Violations of the FCCPA-section 559.55)

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

34. Defendant violated section 559 of the Florida Statues for attempting to collect improper collection fees.

35. Defendant violated section 559 of the Florida Statues for harassing phone calls specifically during the dispute period.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiffs demand judgment from the Defendant as follows:

a)      For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b)      For statutory damages provided and pursuant to 15 U.S.C.  § 1692k(a)(2)(A);

c)      For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d)      For statutory damages pursuant to section 559.77(2) Florida Statues;

e)      Reasonable costs and attorney's fees pursuant to section 559.77(2), Florida Statutes and;

f)      For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  March 29, 2016                          Respectfully Submitted,

                                          By:      /s/<u>Michael Jay Ringelheim</u>
                                                   Michael Jay Ringelheim
                                                   Florida bar No.: 93291
                                                   mringelheim@gmail.com
                                                   RC Law Group, PLLC
                                                   285 Passaic Street
                                                   Hackensack, NJ, 07601
                                                   Telephone: (201) 282-6500 ext 201
                                                   Facsimile: (201) 282-6501
                                                   Attorney for Plaintiff